IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

RONALD W. HOUCHINS,

    Appellant,

v.

WILMINGTON NATIONAL
TRUST ASSOCIATION,

    Appellee.

CIVIL ACTION FILE

NUMBER 3:17-cv-115-TCB

# ORDER

Appellant Ronald W. Houchins, proceeding pro se, appeals from the bankruptcy court's August 8, 2017 order.

## I. Jurisdiction

District courts have appellate jurisdiction over "final judgments, orders, and decrees" of bankruptcy courts. 28 U.S.C. § 158(a)(1). On August 8, 2017, the bankruptcy court issued its final order [1-3] granting Wilmington's motion for relief from the automatic stay. On August 18, Houchins timely filed his notice of appeal [1-1] under Rule

8002(b)(2) of the Federal Rules of Bankruptcy Procedure. Accordingly, this Court has jurisdiction over this appeal.

## II. Legal Standard on a Bankruptcy Appeal

"The United States District Court functions as an appellate court in reviewing decisions of the United States Bankruptcy Court." *Mickler v. Trujillo* (*In re Trujillo*), 485 B.R. 797, 800 (M.D. Fla. 2013); 28 U.S.C. § 158(a). The district court accepts the bankruptcy court's factual conclusions as true unless they are clearly erroneous. *Rush v. JLJ Inc* (*In re JLJ, Inc.*), 988 F.2d 1112, 1116 (11th Cir. 1993). The bankruptcy court's conclusions of law, however, are reviewed de novo. *Id.*

## III. Background and Procedural History

This case involves the pending foreclosure sale of the real property located at 104 Jasmine Lane, Lagrange, Georgia 30241. Wilmington is the servicer of a loan secured by the property in which Houchins claims an interest. After Houchins defaulted on the monthly installment payments beginning in February 2009, Wilmington exercised the private power of sale and advertised a foreclosure sale of the property.

On June 5, 2017, Houchins filed his voluntary Chapter 7 bankruptcy petition. On June 30, Wilmington filed a motion for relief from the automatic stay. On July 19, the bankruptcy court held a hearing on the motion, and the Chapter 7 trustee did not oppose the relief Wilmington sought. At the hearing, Houchins provided an assignment to Kondaur Capital Corporation that he asserted left Wilmington with no interest in the security deed or property at issue. After the bankruptcy court invited the parties to submit any documents they possessed into evidence, Wilmington submitted an affidavit from Kondaur's president stating that Kondaur did not hold an interest at any time in the property or security deed. Based on the affidavit and the documents Wilmington provided, the bankruptcy court concluded that Wilmington had satisfied its burden of demonstrating that it had a colorable claim and, thus, could request relief.

## IV. Analysis

Houchins raises two issues on appeal: (1) whether the bankruptcy court erred in granting Wilmington's motion for relief and deciding a disputed issue of material fact without an evidentiary hearing, and (2)

whether the bankruptcy court erred in considering the affidavit of Harvey Van Eman, which Houchins contends was improper hearsay. For the following reasons, the Court concludes that the bankruptcy court properly granted Wilmington's motion.

Because the Chapter 7 trustee did not oppose the relief sought, the bankruptcy court was not required to determine definitively who is the rightful owner of the security deed; rather, it only had to determine whether Wilmington had a "colorable claim to enforce a right against property of the estate." *Everbank v. Hayden (In re Hayden)*, No. 13-57281-MGD, 2013 WL 3776296, at *1 (Bankr. N.D. Ga. June 25, 2013). As was the case in *Hayden*, the relief that the bankruptcy court's order granted to Wilmington is simply to proceed with its available state rights. Houchins still has the right to challenge Wilmington's standing in state court. Because the bankruptcy court did not actually determine a disputed issue of material fact, Houchins's argument that he was entitled to a hearing fails.

Similarly, Houchins's argument regarding the affidavit fails. Although Houchins contends that the affidavit was not available at the

time of the hearing to himself or the bankruptcy court, the affidavit was recorded in the Troup County, Georgia Superior Court real property records on April 19, 2017 (before the bankruptcy matter was opened). This is a public document and, even if it does constitute hearsay, was properly admitted because it falls within the public records exception to the hearsay rule. *See* FED. R. EVID. 803(8). The bankruptcy court properly considered the affidavit.

V.  **Conclusion**

For the foregoing reasons, the August 8, 2017 final order of the bankruptcy court is affirmed. The Clerk is directed to close this case.

IT IS SO ORDERED this 3d day of April, 2018.

*[signature]*
_____
Timothy C. Batten, Sr.
United States District Judge